UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEO M. ABBY,

        Petitioner,                                  Case No. 08-15333
                                                                         Honorable David M. Lawson
v.                                                                  Magistrate Judge Paul J. Komives

JOHN PRELESNIK,

        Respondent.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## CERTIFICATE OF APPEALABILITY

The petitioner filed a petition for a writ of habeas corpus on December 31, 2008. The case was referred to Magistrate Judge Paul J. Komives, who filed a thorough report recommending that the petition be denied. The petitioner filed timely objections to the report and recommendation. On March 26, 2012, the Court filed an opinion and order adopting the magistrate judge's report and recommendation, overruling the petitioner's objections, and denying the petition, determining that the petitioner was convicted on sufficient evidence, the trial court did not err in refusing to give an intervening cause of death instruction, the trial court did not err in giving an aiding and abetting instruction, the admission of evidence regarding the petitioner's involvement in drug trafficking and gun ownership was not error, the fairness of the trial was not undermined by the prosecutor's misconduct, trial counsel was not so ineffective as to deny the petitioner his right to the effective assistance of counsel, and the petitioner was not unconstitutionally deprived of his counsel of choice. On this basis, the Court entered judgment against the petitioner.

Pursuant to Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11, Rules Governing Section 2254 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue.  28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).  To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The Court finds that reasonable jurists could debate whether the petitioner's trial counsel was constitutionally ineffective by failing to object to the prosecution's use of pre-arrest silence as evidence of guilt and whether the petitioner was denied erroneously his right to counsel of choice at trial because of the trial judge's refusal to delay the start of the trial until retained counsel completed trial of another case.  Therefore, the Court will grant a certificate of appealability on these issues.  However, the Court finds that reasonable jurists could not debate that the petitioner was convicted on sufficient evidence, the trial court did not err in refusing to give an intervening cause of death instruction, the trial court did not err in giving an aiding and abetting instruction, the admission of evidence regarding the petitioner's involvement in drug trafficking and gun ownership

was not error, the fairness of the trial was not undermined by the prosecutor's misconduct, trial counsel was not so ineffective as to deny the petitioner his right to the effective assistance of counsel with respect to the petitioner's other claims of trial counsel's error, and the petitioner was not unconstitutionally deprived of his counsel of choice at sentencing. Therefore, the Court will deny a certificate of appealability on those issues.

Accordingly, it is **ORDERED** that a certificate of appealability is **GRANTED** on the petitioner's claim that trial counsel was constitutionally ineffective in failing to object to the prosecution's use of pre-arrest silence as evidence of guilt and that he was denied erroneously his right to counsel of choice at trial.

It is further **ORDERED** that a certificate of appealability is **DENIED** as to all other issues raised by the petition.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 26, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 26, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL