UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEO M. ABBY,

|  |  |
|---|---|
| Petitioner, | Case No. 08-15333 |
|  | Honorable David M. Lawson |
| v. | Magistrate Judge Paul J. Komives |

JOHN PRELESNIK,

Respondent.

_____/

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

Petitioner Leo M. Abby was convicted by a jury in the Saginaw County, Michigan circuit court of second-degree murder and sentenced to 40 to 60 years in prison. His conviction and sentence was affirmed by the state appellate courts. Thereafter, Abby filed a petition for writ of habeas corpus in this Court, which was denied. The court of appeals affirmed. *Abby v. Howe*, 742 F.3d 221 (6th Cir. 2014). Abby now moves for relief from the judgment dismissing his habeas petition under Federal Rule of Civil Procedure 60(b)(1) & (6).

In the present motion, Abby focuses on one of the several issues he raised in his petition: whether he was deprived of his right to counsel under the Sixth Amendment when the trial judge proceeded to trial in the absence of Abby's retained secondary counsel, who was unavailable. The state court answered that question in the negative, and the Sixth Circuit affirmed this Court's holding that the state court's decision reasonably applied Supreme Court precedent. The court of appeals held:

> As Abby's counsel conceded at oral argument, there is no Supreme Court precedent — including [*United States v.*] *Gonzalez–Lopez*[, 548 U.S. 140 (2006)] — that squarely addresses the scope of the right to counsel of choice in the multiple-counsel context. Although Abby is correct that at least two circuit courts have determined that the right to counsel of choice applies to second or secondary counsel, *see*

> *Rodriguez v. Chandler*, 492 F.3d 863, 864-65 (7th Cir. 2007); *United States v. Laura*, 607 F.2d 52, 55-57 (3d Cir. 1979), the Supreme Court has not weighed in on the matter. We need not stake out a position on the issue at this time. The important point for purposes of resolving this case is that the Supreme Court has not held that a defendant's right to counsel of choice necessarily is violated when his secondary retained counsel has a scheduling conflict precluding his or her attendance at trial. *Cf. Moritz v. Lafler*, 525 F[]. App[']x. 277, 287 (6th Cir. 2013). The state appellate court's analysis of that issue therefore was not unreasonable or contrary to clearly established federal law.

*Abby*, 742 F.3d at 227. Abby argues here that the court erred because there is plenty of authority showing that the term "counsel" in the "multiple-counsel context" refers to all counsel, including secondary counsel. That is not enough, however, to warrant relief under Rule 60(b).

Federal Rule of Civil Procedure 60(b) allows the Court to relieve a party from a final judgment or order for several reasons, including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; [and] (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b). Rule 60(b)(6) also permits the court to grant a motion for relief from judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Abby relies on subparagraphs (1) and (6).

The Sixth Circuit has "recognized a claim of legal error as subsumed in the category of mistake under Rule 60(b)(1)." *Pierce v. United Mine Workers Welfare & Ret. Fund for 1950 & 1974*, 770 F.2d 449, 451 (6th Cir. 1985). When applied under subsection (1), the word "mistake" has been held to include "any type of mistake or error on the part of the court," including a legal mistake. *Barrier v. Beaver*, 712 F.2d 231, 234 (6th Cir. 1983) (citing *Oliver v. Home Indem. Co.*, 470 F.2d 329 (5th Cir. 1972)). Nonetheless, a motion based on Rule 60(b)(1) is "intended to provide

relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000) (internal quotation marks omitted). A party may not use Rule 60(b) "as an occasion to relitigate its case." *General Universal Systems, Inc. v. Lee*, 379 F.3d 131, 157 (5th Cir. 2004). A decision to grant or deny a Rule 60(b) motion "is a matter of discretion for the district court." *Bank of Montreal v. Olafsson*, 648 F.2d 1078, 1079 (6th Cir. 1981).

Abby has not identified any mistake made by this Court or the court of appeals. As an aside, even if he identified a mistake by the appellate court, this Court could not correct it. Abby would have to seek that relief in a motion for reconsideration in the court of appeals. More importantly, however, even if other authority may support Abby's view of the issue, the matter has not been settled by the Supreme Court. And the state courts' resolution of the issue did not "result[] in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). That is a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be "given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010). The Supreme Court has explained that "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, ---, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Under that standard of review, the petitioner is not entitled to relief on this claim, and no legal error occurred when his petition denial was affirmed on appeal.

The Sixth Circuit has held that a court may grant relief under Rule 60(b)(6) "'only in exceptional and extraordinary circumstances,' which are defined as those 'unusual and extreme situations where principles of equity mandate relief.'" *Export-Import Bank of U.S. v. Advanced Polymer Sciences, Inc.*, 604 F.3d 242, 247 (6th Cir. 2010) (quoting *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001)). In addition, "'something" more than one of the grounds in subsections (1) through (5)" must be shown to justify relief under Rule 60(b)(6). *East Brooks Books, Inc. v. City of Memphis*, 633 F.3d 459, 465 (6th Cir. 2011) (quotation marks omitted). This provision "confers upon the district court a broad equitable power to 'do justice.'" *Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010). It "empowers district courts to revise judgments when necessary to ensure their integrity." *Ibid.* "[A] motion made under Rule 60(b)(6) is addressed to the trial court's discretion which is 'especially broad' given the underlying equitable principles involved." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989).

The petitioner has not shown any extraordinary circumstances that would justify invoking the district court's equitable powers under Rule 60(b)(6). His habeas petition correctly was denied by this Court and the court of appeals as well.

Accordingly, it is **ORDERED** that the petitioner's motion for relief from judgment [dkt. #23] is **DENIED**.

s/David M. Lawson            
DAVID M. LAWSON
United States District Judge

Dated:  January 23, 2015

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 23, 2015.

s/Susan Pinkowski
SUSAN PINKOWSKI